```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| IAN TAPPER, | : | CIVIL ACTION |
| | : | NO. 15-3712 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, et al., | : | |
| | : | |
| Respondents. | : | |

# **O R D E R**

**AND NOW**, this **3rd** day of **August, 2018,** after review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley (ECF No. 40) and Petitioner's objection thereto (ECF No. 43), it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] A district conducts a de novo review and determination of the portions of the report and recommendation by a magistrate judge to which there are objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); see also E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." Hill v. Barnacle, 655 Fed. App'x 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

2. Petitioner's Objection to the Report and Recommendation is **OVERRULED**;[2]

---

[2] Petitioner brings one claim for habeas relief: that "Collateral Estoppel barred retrial for the remaining Robbery count and/or barred evidence related to acquitted counts." Habeas Pet. at 5, ECF No. 1. Specifically, he contends that the acquittals of attempted murder, aggravated assault, and possessing an instrument of crime, necessarily decided issues – in his favor – that were central to his conviction, by a second jury, of robbery. Magistrate Judge Marilyn Heffley filed a report and recommendation ("R&R") that the petition be denied with prejudice without an evidentiary hearing. ECF No. 13. The Court rejected the R&R because it did not include a review of the trial court records in accordance with Ashe v. Swenson, 397 U.S. 436, 444-46 (1970). See ECF No. 17. In the same Order, the Court remanded the case back to Judge Heffley for a second R&R. Id. Judge Heffley then filed the instant, second R&R, ECF No. 40, to which Petitioner filed an objection. ECF No. 43.

In his objection, Petitioner argues that that the second R&R, ECF No. 40, fails to include the Ashe analysis that was missing in the initial R&R, ECF No. 13. See Obj., ECF No. 43. This objection it is without merit.

The R&R, after "examining the record of [the] prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter," Ashe, 397 U.S. at 444, correctly concluded that the first jury was never asked to make a determination as to whether Petitioner had threatened the victim with, or put him in fear of, immediate bodily injury. See R&R 20, ECF No. 40. In contrast, the second jury "could have grounded its verdict upon" a determination that Petitioner threatened the victim with, or put him in fear of, immediate bodily injury, which is "an issue other than that which the defendant seeks to foreclose from consideration" United States v. Rigas, 605 F.3d 194, 218 (3d Cir. 2010) (quoting Ashe, 397 U.S. at 444), i.e. the use of a gun. Accordingly, Petitioner has not met his burden to show that the threat or fear of such injury was an issue necessarily decided by the first jury, such as might implicate collateral estoppel or Double Jeopardy. See Rigas, 605 F.3d at 219; Ashe, 397 U.S. at 444-45; see also Yeager v. U.S., 557 U.S. 110, 121 (2009).

As the Court has previously noted, see ECF No. 17, and the R&R discusses, see R&R 4-5, although the state court did not correctly apply the Ashe standard, that does not require this Court to grant the petition, because "an unreasonable application of federal law is different from an incorrect application of federal law." Williams v.

3. The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE** without an evidentiary hearing;

4. A certificate of appealability shall not issue;[3] and

5. The Clerk shall mark this case **CLOSED.**

**AND IT IS SO ORDERED.**

<u>s/Eduardo C. Robreno</u>
**EDUARDO C. ROBRENO, J.**

---

Taylor, 529 U.S. 362, 410 (2000). A state court's application of federal law is "unreasonable" if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified." Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000) (quoting Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir. 1999) (en banc)). Here, the state court's application of federal law, albeit incorrect, was not unreasonable because, for the reasons explained above and in the R&R, the same outcome is reasonably justified under a correct Ashe analysis. See Werts, 228 F.3d at 197.

[3] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which Petitioner has not shown. Moreover, Petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).